IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| WILLIAM BOYD PIERCE | § | |
| v. | § | CIVIL ACTION NO. 6:15cv806 |
| WILLIAM STEPHENS, ET AL. | § | |

**MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT**

The Plaintiff William Pierce, an inmate of the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court referred the case to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. The named Defendants are former TDCJ-CID Director William Stephens, Region II Director Kelvin Scott, Warden Edgar Baker, Warden Larry Berger, Michael Unit Classification Director Mark Sandlin, Practice Manager Pam Pace, present TDCJ-CID Director Lorie Davis, Executive Director Bryan Collier, Warden Carol Monroe, and Warden Deborah Cockrell. Of these Defendants, Stephens, Scott, Baker, Berger, Pace, and Sandlin were named in Pierce's original complaint, while Collier, Monroe, and Cockrell were added in the amended complaint.

**I. Background**

In his original complaint, Pierce complained of being housed in 8 Building and in 12 Building at various times. He asserted that these are high-security buildings and thus inappropriate places in which to house minimum-custody prisoners such as himself. Pierce also complained of the conditions of confinement on 12 Building, stating that he could not go to the law library, he was handcuffed whenever he left his cell, he could not go to outside recreation, and he could not watch

1

TV. He also contended that the windows could not be opened and it was difficult for him to breathe because he has chronic obstructive pulmonary disorder (COPD).

In his amended complaint, Pierce complained of an incident which occurred on July 27, 2017, in which he was assaulted by a cellmate who was 34 years old (42 years younger than Pierce). He contended that TDCJ-CID rules prohibit housing prisoners with an age difference of more than 15 years.

Prior to the filing of Pierce's amended complaint, the Magistrate Judge ordered the prison officials to file a *Martinez* Report providing documents relevant to his claims. Pierce received a copy of the *Martinez* Report and was given the opportunity to file a response, which he did.

The Defendant Pam Pace filed a motion to dismiss, and the other Defendants filed a separate motion to dismiss. Pierce did not file responses to either of these motions.

## II. The Report of the Magistrate Judge

### A. Exhaustion

After review of the pleadings and records, the Magistrate Judge issued a Report recommending that the lawsuit be dismissed. The Magistrate Judge observed that Pierce's pleadings showed and the *Martinez* Report confirmed that Pierce had pursued two grievances through both steps of the TDCJ administrative remedy procedure. Neither of these grievances raised any complaints against Pace, the medical department, or his medical treatment in general. The Magistrate Judge therefore concluded that Pierce had failed to exhaust his administrative remedies against Pace and her motion to dismiss should be granted on this basis.

Of the two grievances which the uncontroverted evidence showed were pursued through both steps of the administrative remedy procedure, the Magistrate Judge stated that grievance no. 2015118836 did not exhaust any of the claims raised in this lawsuit because the Step One grievance concerned Pierce's placement on 12 Building, while the Step Two grievance concerned 8 Building. The Magistrate Judge stated that in order for prisoners of the Texas Department of Criminal Justice - Correctional Institutions Division to exhaust an issue properly, that issue must be presented in a Step

One grievance and then appealed to Step Two. New issues cannot be raised for the first time in a Step Two grievance appeal and only one issue per grievance may be presented. *Randle v. Woods*, 299 F.App'x 466, 2008 U.S. App. LEXIS 24138, 2008 WL 4933754 (5th Cir., November 19, 2008), *citing Woodford v. Ngo*, 548 U.S. 81, 92-93, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006) and *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004); *see also* [TDCJ Offender Orientation Handbook](), p. 74 (inmates may present only one issue per grievance).

The other grievance which Pierce pursued through both steps of the TDCJ-CID grievance procedure was no. 2015113176, which complained of his placement on 12 Building. This grievance properly raised two issues at both steps, these being the claims that Pierce was improperly placed on 12 Building and that he cannot open the windows to get fresh air. The Magistrate Judge thus determined that these two issues were properly exhausted.

B. <u>The Exhausted Claims</u>

Pierce argued that he was improperly placed on 12 Building because that is an administrative segregation area and he is in minimum custody. The Magistrate Judge stated that there was no federal constitutional right to be housed in any particular part of a prison. Furthermore, Pierce's pleadings showed and the *Martinez* Report confirmed that Pierce was only held on 12 Building for short periods of time, including from November 5, 2014 to December 3, 2014 and from March 18, 2015 to April 2, 2015. The Magistrate Judge stated that these brief periods of confinement on 12 Building did not impose an atypical or significant hardship upon Pierce in relation to the ordinary incidents of prison life.

Turning to the claim involving the windows, the Magistrate Judge concluded that the allegation of inability to open the windows did not set out a claim of constitutional dimensions and that Pierce did not allege, much less show, any harm as a result of being confined on 12 Building for a few weeks at a time with windows that did not open. In addition, the Magistrate Judge stated that Pierce failed to show that any of the named Defendants were deliberately indifferent to his health or safety with regard to the fact that Pierce was confined on 12 Building with windows that

did not open. The Magistrate Judge thus concluded that these allegations failed to state a claim upon which relief may be granted.

C. The Unexhausted Claims

Even though Pierce did not exhaust the remaining claims in his lawsuit, the Magistrate Judge nonetheless addressed these claims as well. The Magistrate Judge stated that Pierce's claims of cold food, inability to watch TV, and lack of outdoor recreation did not set out constitutional violations, the alleged violation of state law in housing minimum custody inmates on 8 Building or 12 Building did not rise to a claim of constitutional dimensions, Pierce failed to show any cognizable harm in his claim that he did not have access to the law library, and Pierce's claims against the supervisory officials, including Stephens, Baker, Berger, Scott, and Sandlin, were based on the doctrine of supervisory liability, which is not applicable in §1983 lawsuits. Thus, the Magistrate Judge recommended that these claims be dismissed for failure to state a claim upon which relief may be granted as well as being unexhausted.

D. The Americans with Disabilities Act

The Magistrate Judge also noted that Pierce cited the Americans with Disabilities Act in his response to the *Martinez* Report. The Magistrate Judge determined that this claim was not properly before the Court and was entirely conclusory in any event, and recommended that the claim be dismissed without prejudice.

E. The Amended Complaint

Pierce's amended complaint concerned the incident of July 27, 2017, in which he was allegedly assaulted by a much younger inmate. The Magistrate Judge stated that this claim is also the subject of a separate lawsuit filed by Pierce, styled *Pierce v. Collier, et al.*, civil action no. 6:17cv632. Pierce filed a pleading in that other case stating that the two cases are based on separate incidents and times and so should not be considered as one case. Accordingly, the Magistrate Judge determined that the claims raised in the amended complaint should be dismissed without prejudice so as to allow Pierce to pursue those same claims in cause no. 6:17cv632.

**III. The Plaintiff's Objections**

In his objections to the Magistrate Judge's Report, Pierce states he does not believe his case should be dismissed because the defendants are TDCJ officials and think they can do no wrong. He states that the Michael Unit violates "every rule there is" and speculates that every time he returns from the hospital in Galveston, he will again be placed on 12 Building, where there is no fresh air and he cannot breathe properly. Pierce says that he was not asking the Court for release from prison or a pardon, but only for an order directing the Michael Unit not to house him on 12 Building.

Pierce also states that the Report says something about how case no. 6:17cv632 should also be dismissed, but he does not believe this is right because that is an entirely different case. He asks that case no. 6:17cv632 not be dismissed.

**IV. Discussion**

Pierce did not object to the Magistrate Judge's conclusions concerning exhaustion of administrative remedies or the merits of his exhausted and unexhausted claims. The Fifth Circuit has stated that the failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge which are accepted and adopted by the district court except upon grounds of plain error. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc)*; *see also Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987) (objections which merely incorporate by reference or refer to the briefing before the Magistrate Judge are not specific and the district court need not consider conclusory or general objections).

Instead, Pierce simply argues that the Court should order the Michael Unit not to house him on 12 Building again. This is in effect a request for a permanent injunction. The Supreme Court has explained that a plaintiff seeking a permanent injunction must show that he has suffered an irreparable injury, remedies available at law such as monetary damages are inadequate to compensate for that injury, a remedy at equity is warranted when considering the balance of hardships between the plaintiff and defendant, and the public interest would not be disserved by a

permanent injunction. *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391, 126 S.Ct. 1837, 164 L.Ed.2d 641 (2006); *United Motorcoach Association, Inc. v. City of Austin*, 851 F.3d 489, 492-93 (5th Cir. 2017). These standards are essentially the same as those for obtaining a preliminary injunction, with the exception that to obtain a permanent injunction, the plaintiff must normally show actual success on the merits rather than a mere likelihood of success. *Amoco Prod. Co. v. Village of Gambell*, 480 U.S. 531, 546 n.12, 107 S.Ct. 1396, 94 L.Ed.2d 542 (1987); *VRC LLC v. City of Dallas*, 460 F.3d 607, 611 (5th Cir. 2006) (listing "success on the merits" as a prerequisite for obtaining a permanent injunction).

Pierce has not met any of the criteria for obtaining a permanent injunction. Aside from the fact that he has not prevailed on the merits of his claim, he has not shown a substantial threat of irreparable injury as a result of being housed on 12 Building. As the Magistrate Judge observed, Pierce did not allege, much less show, that he suffered any harm during the times he was housed on 12 Building.

Nor has Pierce shown that a federal court order directing the housing of a particular prisoner would not disserve the public interest. Considerations of federalism weigh heavily against interference by federal courts through the issuance of injunctions against state agencies because such orders represent an extremely high level of federal interference with the day-to-day operations of a state prison. *See Lewis v. Casey*, 518 U.S. 343, 362, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996) (federal courts should not allow themselves to become "enmeshed in the minutiae of prison operations"); *Block v. Rutherford*, 468 U.S. 576, 584-85, 104 S.Ct. 3227, 82 L.Ed.2d 438 (1984) (prison administrators are to be accorded wide-ranging deference in the adoption and execution of policies and practices which in their judgment are needed to preserve internal order and discipline and maintain internal security).

Furthermore, the Prison Litigation Reform Act prohibits orders granting prospective relief or a preliminary injunction unless the court first finds that such relief is narrowly drawn, extends no further than necessary to correct the harm, and is the least intrusive means necessary to correct the

harm. 18 U.S.C. §§ 3626(a)(1)(A), 3626(a)(2). Pierce has not shown that he is entitled to a permanent injunction. His objections in this regard are without merit.

Although Pierce complains that the Magistrate Judge recommended dismissal of his other lawsuit as well, this is not the case. The Magistrate Judge recommended the dismissal of those claims in the present case which duplicated the ones in cause no. 6:17cv632 so that Pierce could proceed on those claims in that case. Pierce's objections are without merit.

## V. Conclusion

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. §636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 43) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-styled civil action is **DISMISSED WITH PREJUDICE** for failure to exhaust and failure to state a claim upon which relief may be granted. The Plaintiff's claims concerning the incident of July 27, 2017 is **DISMISSED WITHOUT PREJUDICE** in order to allow him to proceed with cause no. 6:17cv632 regarding that same incident. Any claims which the Plaintiff may have under the Americans with Disabilities Act are **DISMISSED WITHOUT PREJUDICE**. It is further

**ORDERED** that any and all motions which may be pending in this civil action are hereby **DENIED**.

So **ORDERED** and **SIGNED** this **26** day of **June, 2018.**

_____
Ron Clark, United States District Judge